FILED

SEP 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY D. RAY,                          )
Reg. No. 04077-000                       )
Federal Correctional Institution        )
P.O. Box 1000                            )
14601 Burbridge Road, SE                 )
Cumberland, MD 21501-1000,               )
                                         )
            Plaintiff,                   )
                                         )
    -vs-                                 )
                                         )
FEDERAL BUREAU OF PRISONS,               )
320 First Street, NW                     )
Washington, D.C. 20534,                  )
                                         )
            Defendant.                   )

CASE NUMBER  1:06CV01673

JUDGE: Richard W. Roberts

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 09/29/2006

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act
("FOIA"), 5 USC § 552, as amended, and the Privacy Act ("PA"),
5 USC § 552a, to order the production of agency records previously
requested by plaintiff pursuant to the above-referenced Acts,
and which requests have either been ignored or denied by the
defendant agency.

2.  This Court has jurisdiction over this action pursuant
to 5 USC § 522(a)(4)(B) and 5 USC § 552a(g)(1)(B): (g)(1)(D):
(g)(3)(A); (g)(4)(A) and (g)(4)(B).

3.  Plaintiff, Anthony Ray, is a District of Columbia prisoner
in the Federal Correctional Institution at Cumberland, Maryland
("FCI Cumberland").  He is the requestor of the withheld records.

4.  Defendant, Bureau of Prisons ("BOP"), is an agency of

RECEIVED

SEP 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

the United States, and it has possession of, and control over,

the records that Plaintiff seeks.

    5.  The FOIA provides in pertinent part:

        "Except with respect to the records made available
        under paragraphs (1) and (2) of this subsection, and
        except as provided in subparagraph (E), each agency,
        upon any request for records which (i) reasonably
        describes such recores and (ii) is made in accordance
        with published rules...shall make the records promptly
        available to any person."

5 USC § 552(a)(3)(A);

        "Each agency, upon any request for records made under
        paragraph (1), (2), or (3) of this subsection, shall--
        (i) determine within 20 days (excepting Saturdays, Sundays,
        and legal public holidays) after the receipt of any
        such request whether to comply with such request and
        shall immediately notify the person making such request
        of such determination and the reasons therefor, and
        of the right of such person to appeal to the head of
        the agency any adverse determination..."

5 USC 552(a)(6)(i).

    6.  On January 13, 2006, Plaintiff mailed a FOIA/PA request-

letter to the defendant agency, by delviering it to prison

authorities with first-class postage prepaid and addressed to:

Federal Bureau of Prisons, 320 first Street, N.W., Washington,

D.C. 20001.  A true copy of Plaintiff's FOIA/PA request-letter

to the Defendant is attached as Exhibit 1.

    7.  The BOP has not responded to Plaintiff's January 13,

2006 letter requesting disclosure of records under the FOAI/PA.

    8.  On April 29, 2006, Plaintiff mailed to the U.S. Department

of Justice, Office of Information and Privacy (OIP), a letter

appealing the BOP's failure to respond to Plaintiff's request

for disclosure of records, on the ground that such failure

contravenes statutory provisions of FOIA/PA.

9. The OIP subsequently responded to Plaintiff's April 29, 2006 appeal-letter. The OIP response to Plaintiff's adminis-trative appeal stated in sum:

> Department of Justice regulations provide for an admin-istrative appeal only after there has been an adverse determination by a component. As no adverse determination has yet been made regarding your records request, there is no action for this Office to consider on appeal. The FOIA itself contemplates judicial review, rather than an administrative appeal, when an agency has failed to respond to a request within the statutory time limits. We have forwarded your letter to the BOP. If you are dissatisfied with the ultimate action of the BOP, you may appeal again to this Office.

10. More than 20 days have passed since Plaintiff mailed his original request for records to the BOP but Plaintiff has received no response from BOP. More than 20 days have passed since OIP forwarded a copy of Plaintiff's original FOIA request-letter to the BOP but BOP has persisted in its refusal to respond to Plaintiff's request for records.

11. Plaintiff has a statutory right to the records he seeks. There is no legal basis for Defendant to refuse to respond to Plaintiff's request for records, or to deny or to continue to delay disclosure of the records requested by Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court to:

(1) Declare that Defendant's failure to respond to Plaintiff's request for records, and failure to disclose the records requested, is unlawful;

(2) Order Defendant to make the requested records available

to Plaintiff without further delay;

(3) Issue an injunction to prevent the BOP from continuing its invalid practice of not responding at all to FOIA/PA requests;

(4) Make a written finding that the circumstances surrounding the BOP's failure to respond to requests for, and withholding of, records raises questions whether there has been arbitrary or capricious agency action, and make a referral of the matter to the Merit Systems Protection Board for investigation, pursuant to subsection (a)(4)(F);

(5) Award Plaintiff his costs in this action;

(6) Expedite this lawsuit pursuant to 28 USC § 1657(a);

(7) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Anthony Ray

Executed: September 15th , 2006