UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

APR 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY D. RAY, )
)
       Plaintiff, )
)
-vs- ) Civil No. 06-1673-RWR
)
FEDERAL BUREAU OF PRISONS, )
)
       Defendant. )

<u>EMERGENCY MOTION FOR REMEDY IN THE NATURE OF MANDAMUS
AND MEMORANDUM OF POINTS AND AUTHORITIES IS SUPPORT</u>

NOW COMES the Plaintiff, Anthony D. Ray, pro se, and respectfully requests this Honorable Court to enter an order requiring Clerk to discharge her duties in the case captioned above in accordance with prescribed practice and rules of procedure including, but not limited to, the following:

   (i) issue a Summons and copy of the Complaint to the United States Marshal with directions to effect service on Defendant and its attorneys without further delay; and

  (ii) if service was previously accomplished (or attempted unsuccessfully), provide plaintiff with a copy of "Proof of Service" signed by the Marshal or his deputy, a copy the Case Docket entry which reflects date proof of service was filed, and/or any other pertinent information regarding the progress and status of this case.

In support of granting the relief requested by this motion, Plaintiff refers the Court to the following:

   1. This is an action for declaratory and injunctive relief for non-compliance with the Freedom of Information Act ("FOIA"), 5 USC § 552, by the Defendant, Federal Bureau of Prisons ("BOP").

2. On September 29, 2006, Plaintiff's motion for leave to proceed in forma pauperis in this matter was granted, the Complaint was filed, and the case assigned to the Honorable Judge Richard W. Roberts. See attached Exhibit 1 (Court's Order & Notice from Clerk) and Exhibit 2 (Case Docket).

3. When, more than 30 days after the grant of leave to proceed in forma pauperis, Plaintiff had received neither a Summons for service on the Defendant, or proof of service by the Marshal, or Defendant's answer to the Complaint, Plaintiff wrote a letter to the Court Clerk regarding issuance of Summons and service of process. See attached Exhibit 3 (letter to Clerk, dated October 30, 2006). In response to the above-mentioned letter, the Clerk mailed to Plaintiff a copy the Case Docket (Exh. 2, noted ante) which reflects that Sum ons for Defendant and its attorneys was in fact issued.

4. However, because the Clerk failed to answer the express qeustion, "whether Plaintiff's request for service by the Marshall had been granted"-and no Summons had by then been provided to him to effect service, Plaintiff mailed another letter to the Clerk, dated December 3, 2006, requesting further "clarif[ication]" as to service of process and status of the case. See attached Exhibit 4 (letter to Clerk).

5. On December 26, 2006, having received no response from the Clerk to the December 3, 2006 correspondence mentioned above, Plaintiff wrote to the district judge to whom the case was assigned, the Honorable Richard W. Roberts. regarding Summons, service of

of process, and status of the case. See attached Exhibit 5 (letter to Judge Roberts). Plaintiff has not received a reply to his letter to Judge Roberts.

6. On January 22, 2007, Plaintiff again wrote to the Clerk requesting information regarding Summons, service of process, and status of the case. No response to the January 22, 2007 letter has come to Plaintiff from the Clerk to date. See Exhibit 6.

7. Rule 4(m) of the Federal Rules of Civil Procedure ("FRCvP") provides in pertinent part -

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court...shall dismiss the action...as to that defendant of **direct that service be effected within a specified time;** provided that if the plaintiff shows good cause for the failure, **the court shall extend the time for service for an appropriate period.**

28 USC FRCvP 4(m). The 120 days provided by rule for perfection of service in this case has expired. Moreover, the failure of the Court's officers and employees to reply to Plaintiff's several requests for information regarding issuance of summons, service of process and status of case, is the proximate cause of Plaintiff's non-compliance with the time requirement of Rule 4(m). "When a plaintiff proce ds <u>in forma pauperis</u>, the officers of the court shall issue and serve all process, and perform all duties." <u>Dumaguin v. Secretary of Health and Human Services</u>, 28 F3d 1218, 1221 (CADC 1994), quoting 28 USC § 1915(c) (internal quotations omitted). "Having provided the necessary information to help effectuate service [P]laintiff should not be penalized by having his...action

-3-

dismissed for failure to effect service where the U.S. Marshal or the court has failed to perform the duties required of each of them under 28 USC § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure." Id., quoting Puett v. Blanford, 912 F2d 270, 275 (CA9 1990.  See also Sellers v. United States, 902 F2d 598, 602 (CA7 1990) (holding Marshal's failure to effect service of process for in forma pauperis plaintiff is "good cause" within former Rule 4(j)); Byrd v. Stone, 94 F3d 217, 219-20 (CA6 1996) (same).  Accordingly, the Court is required by Rule 4(m) to "extend the time for service for an appropriate period [and] direct that service be effected [by the Marshal] within a specified time."

8.  Among other things, the continued refusal of court personnel to provide information responsive to Plaintiff's requests and to otherwise perform their respective duties to further the administration of justice (including the grant of relief prayed for in the instant motion) constitutes an abrogation of Plaintiff's rights under the under the constitutional guarantee of judicial access.

WHEREFORE, Plaintiff prays the Court to grant this motion, and to grant to Plaintiff such other and further relief as the Courth may deem just and proper.  Finally, Plaintiff respectfully reminds the Court that this pro se motion is entitled to liberal construction and should be interpreted to present the strongest arguments it suggests.  Haines v. Kerner, 404 US 519 (1972).

I declare under the penalty of perjury that every material statement foregoing is true and correct to the best of my knowledge

information and belief.

                                        Respectfully submitted,

                                        */s/ Anthony Ray*
                                        Anthony D. Ray
                                        Reg. No. 04077-000
                                        Federal Correctional Institution
                                        P.O. Box 1000

cc:   Hon. Thomas F Hogan
      Chief Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2007, I caused a true and correct copy of the foregoing motion to be served on the attorneys for the Defendant, by delivering same to prison officers for mailing, with first class postage prepaid and addressed to:

United States Attorney
for District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20534

United States Attorney General
Department of Justice
Constitution Avenue, N.W.
Washington, D.C. 20530

                                        */s/ Anthony Ray*
                                        Anthony D. Ray

FILED
SEP 2 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY D. RAY, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. **06 1673**
 )
FEDERAL BUREAU OF PRISONS, )
 )
    Defendant. )

### ORDER

Plaintiff, proceeding *pro se*, has submitted the requisite financial information pursuant to 28 U.S.C. § 1915(a). Upon review of the financial information, the Court finds that Plaintiff is required to pay the statutory filing fee of $ 350.00 for this action in accordance with the provisions of 28 U.S.C. § 1915(b).

Accordingly, it is hereby

**ORDERED**, that:

1. Plaintiff is obligated to pay an initial partial filing fee of **$ 4.89** to the Clerk of the United States District Court for the District of Columbia.

2. Plaintiff is obligated to the United States District Court for the District of Columbia for twenty percent of the preceding month's income credited to his prison account as continued partial payments on the remaining balance of the $ 350.00 filing fee.

3. The authorized institution officer shall deduct from Plaintiff's prison account the initial payment described above. The remaining payments described above shall be deducted and paid to the Clerk of the United States District Court for the District of Columbia each time

the amount in the account exceeds $10 until the filing fee is paid.

    4.      A copy of this Order shall be furnished to Plaintiff's place of incarceration.

    5.      Plaintiff's application to proceed *in forma pauperis* is GRANTED, except to the extent that Plaintiff is required to make the payments set forth above.

SO ORDERED.

                                                       /s/
                                      United States District Judge

DATE: Sept. 26, 2006

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Friday, September 29, 2006


Civil Action#: 061673 RWR
Plaintiff: ANTHONY D. RAY


DEAR ANTHONY D. RAY

In the above entitled case, please be advised that on 9/26/06, Judge Bates endorsed theron as follows:

"Leave to file without prepayment of costs granted."

As a result of the Judge's ruling, your case has been assigned to Judge Roberts. All subsequent correspondence or pleadings must bear the civil action number referred to above, followed by the initials of the Judge assigned to your case.


NANCY MAYER-WHITTINGTON, CLERK
By: L. Scott

EXHIBIT 2, pg. 1 of 2                                                                    PROSE-PR, TYPE-I

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:06-cv-01673-RWR
### Internal Use Only

RAY v. FEDERAL BUREAU OF PRISONS                     Date Filed: 09/29/2006
Assigned to: Judge Richard W. Roberts                Jury Demand: None
Cause: 05:552 Freedom of Information Act             Nature of Suit: 895 Freedom of
                                                     Information Act
                                                     Jurisdiction: U.S. Government
                                                     Defendant

**Plaintiff**

ANTHONY D. RAY                    represented by   **ANTHONY D. RAY**
                                                   R 04077-000
                                                   CUMBERLAND FEDERAL
                                                   CORRECTIONAL INSTITUTION
                                                   P.O. Box 1000
                                                   14601 Burbridge Road, SE
                                                   Cumberland, MD 21501-1000
                                                   US
                                                   PRO SE

V.

**Defendant**

**FEDERAL BUREAU OF PRISONS**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/29/2006 | 1 | COMPLAINT against FEDERAL BUREAU OF PRISONS (Filing fee $ 0.00) filed by ANTHONY D. RAY.(jf, ) (Entered: 10/02/2006) |
| 09/29/2006 |   | SUMMONS (3) Issued as to FEDERAL BUREAU OF PRISONS, U.S. Attorney and U.S. Attorney General (jf, ) (Entered: 10/02/2006) |
| 09/29/2006 | 2 | MOTION for Leave to Proceed in forma pauperis by ANTHONY D. RAY. (jf, ) (Entered: 10/02/2006) |
| 09/29/2006 | 3 | PRISONER TRUST FUND ACCOUNT STATEMENT for period of six months by ANTHONY D. RAY (jf, ) (Entered: 10/02/2006) |

| 09/29/2006 | 4 | ORDER Directing Monthly Payments in the amount of $4.89 be made from Prison Account of ANTHONY D. RAY; further ordered, granting 2 MOTION for Leave to Proceed in forma pauperis. Signed by Judge John D. Bates on 9/26/06. (jf, ) (Entered: 10/02/2006) |

EXHIBIT 3
=========

                                                Anthony D. Ray
                                                Reg. No. 04077-000
                                                FCI Cumberland
                                                P.O. Box 1000
                                                Cumberland, MD 21501

                              October 30, 2006

Nancy Mayer-Whittington, Clerk
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

RE: <u>Anthony D. Ray v. Federal Bureau of Prisons</u>, Civ. No. 06-163(RWR)

                                                                       *correct*
Dear Madam Clerk:
                                                                        06-1673

    I am the plaintiff in the case referenced above. I was granted leave to proceed in this matter wihtout prepayment of fees or costs by order of the Court dated September 26, 2006. I write today to inquire whether or not my request for service of process by the U.S. Marshal in this case was also granted. In the event that request has not been granted, I request that you forward a Summons and copy of the Complaint to me at your earliest possible convenience so that I may attempt service by mail.

    Thank you in advance for your attention and cooperation in this matter. I look forward to your timely response.

                                            Respectfully yours,

                                            *Anthony Ray*
                                              Anthony D. Ray

**EXHIBIT 4**

Anthony D. Ray
Reg. No. 04077-000
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501-1000

December 3, 2006

Office of the Clerk
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

RE:  <u>Ray v. Federal Bureau of Prisons</u>, Civ. No. 01-1673

Dear Madam Clerk:

I am the Plaintiff in the case referenced above. Please find enclosed for filing an original and 1 copy of my Petition for Writ of Prohibition or Injunction Pursuant to 28 USC § 1651. I respectfully request you to stamp the copy with the date the orginal is filed and return it to me at your earliest convenience.

I also request you to provide me with all available information regarding service of process on the Defendant in this case. You responded to a previous inquiry on the subject by mailing to me a copy of the case Docket Report which reflected, relevantly, that three (3) Summonses were issued for the Defendant(s) and counsel on September 29, 2006. What remains unclear, and what I specifically asked in the previous letter, is "whether or not my request for service of process by the U.S. Marshal...was...granted." The answer to this question is vitally important in view of the time limits for effective service imposed by the Federal Rules of Civil Procedure. I don't want to wrongly assume that because the Summonses were not mailed to me for service, they were delivered to the Marshal for sevice. Such an assumption could have significant adverse consequences for me. So, please clarify the subject for me at your earliest. convenience.

Respectfully yours,

*Anthony Ray*
Anthony D. Ray

<u>EXHIBIT 5</u>, pg. 1 of 2

Anthony D. Ray
Reg. No. 04077-000
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501-1000

December 26, 2006

The Honorable Richard W. Roberts
United States District Judge
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

RE:  <u>Ray v. Federal Bureau of Prisons</u>, Civ. No. 06-1673

Your Honor:

    I am the Plaintiff in the case referenced above, an action for declaratory and injunctive relief under the Freedom of Information Act. Filed along with my Complaint was an application to proceed in forma pauperis ("IFP"), and a request that process be served on the Defendant by the U.S. Marshal. I write today in regard to service of process, or rather the lack thereof.

    By Order of the Court signed on September 26, 2006, I was granted leave to proceed IFP, with the proviso that the filing fee must be paid in installments to be deducted from my prison commissary account. The September 26, 2006 Order did not, however, address the issue of service of process - i.e., whether it would be effected by the Marshal as I requested. I assumed initially that, because no Summons was sent to me by the Clerk for use in effecting service by alternate means, my request for service by the Marshal had been granted. But I began to question that assumption when, more than 30 days after the grant of leave to proceed, I had received neither a "return of service" by the Marshal or a Summons with which to attempt service by other means; so, I wrote to the Clerk for clarification of the question. See enclosed letter dated October 30, 2006.

    Following receipt of a reply from the Clerk which failed to provide a clear answer, I wrote to her office again on the subject. See enclosed letter dated December 3, 2006. Still, to date the answer I seek has not been forthcoming. I would greatly appreciate any information or assistance you can provide

-2-

me in this regard. It has now been more than 90 days since the action was filed yet I seem not to be any closer to adjudication of the relevant issues.

Respectfully yours,

*Anthony Ray*
Anthony Ray

<u>**EXHIBIT 6**</u>

Anthony D. Ray
Reg. NO. 41770-000
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501-1000

January 22, 2007

Clerk of the Court
United States District Court
for the District of Columbia
300 Constitution Avenue, N.W.
Washington, D.C. 20001

RE: <u>Ray v. Federal Bureau of Prisons</u>, Case No. 06-1673 (RWR)

    I am the Plaintiff in the action referenced above. I write to request clarification on the current status of the case. More specifically, I request you to advise me: (1) whether a Summons for the Bureau of Prisons ("BOP") has been issued, and, if so, when; (2) if a Summons for the BOP was issued, whether service of process on the BOP has been effected; (3) whether a Summons for the BOP has been delivered to the U.S. Marshal for service of process; (4) if the Marshal was not provided a Summons and directed to make service on the BOP, why was no Summons provided to me to effect service on the BOP by mail or alternative means?

    I note that it has been nearly four months since leave to proceed without prepayment of filing fee was granted in the case, but there appears to have been absolutely no progress in the proceedings since that time. This is in fact my third inquiry to your office for information concerning Summons and Service in my case. See attached correspondence. Whether due to mistake or negligence, the effect of your office's failure to comply with rules regarding Summons and Service is denial of access to judicial review to which I am by law entitled.

    Accordingly, your prompt reply to this letter is requested and expected.

Respectfully yours,

*Anthony D. Ray*
Anthony D. Ray