UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

DEC - 6 2007

ANTHONY D. RAY,                        )

          Plaintiff,                   )
                                       )
     -vs-                              )    Civil No. 06-1673 (RWR)
                                       )
FEDERAL BUREAU OF PRISONS,             )
                                       )
          Defendant.                   )

R WHITTINGTON, CLERK
DISTRICT COURT

PLAINTIFF'S DECLARATION IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT


     I. Anthony D. Ray, do hereby declare and state under penalty
of perjury:

     1.   I am the Plaintiff in the above captioned action for
declaratory and injunctive relief and litigation costs for denial
of access to publice records by Defendant, Bureau of Prisons ("BOP"),
in violation of the Freedom of Information Act ("FOIA").  I make
this declaration in opposition to the Defendant's motion for
summary judgment and dismissal of the action as moot.

     2.   I am more than 18 years of age and competent to testify
as to matters stated herein.

     3.   The FOIA is a statute governing the release of government
records.  In general, FOIA provides that any person has a right,
enforceable in court, to obtain access to federal agency records,
except to the extent that such records (or portions of them) are
protected from public disclosure by one of nine exemptions or by
on of three special law enforcement record exclusions.  More

specifically, the statute provides--

"...each [federal] agency, upon any request for records
which (i) reasonably describes such records...shall make
the records promptly available to any person.

           *    *    *    *

"Each agency, upon any request for records made under
paragraph (1), (2), or (3) of this subsection, shall--
(i) determine within 20 days...after the receipt of any
such request whether to comply with such request and
shall immediately notify the person making such request
of such determination and the reasons therefor, and of
the right of such person to appeal to the head of the
agency any adverse determination...

           *    *    *    *

"On complaint, the district court of the United states
in the...District of Columbia, has jurisdiction to enjoin
the agency from withholding agency records and to order
the production of any agency records improperly withheld
from the complainant.

           *    *    *    *

The court may assess against the United States reasonable
attorney fees and other litigation costs reasonably incurred
in any case under this seciton in which the complainant
has substantially prevailed.

           *    *    *    *

"...the court [may] additionally issue[] a written finding
that the circumstances surrounding the withholding raise
questions whether agency personnel acted arbitrarily or
capriciously with respect to the withholding..."

5 U.S.C. § 552(a)(3)(A), (B), (E), (F); and (6)(A)(i).

    4.  The Defendant has filed a motion for summary judgment with

supporting documents, wherein it asserts that all agency records

responsive  to Plaintiff's FOIA requests have  been released to

him, no material issue of fact is in dispute and the lawsuit is

moot, among other things.

    5.  The Defendant is not entitled to summary judgment

because there are genuine issues of material fact to be resolved.

These issues are identified in the accompanying Statement of
Disputed/Unresolved Factual Issues.  The facts are set out in this
declaration

6.  On January 13, 2006, I mailed to the Defendant a letter
requesting disclosure of certain records in its custody and
control.

7.  The Defendant did not respond to my request for disclosure
within the 20 days required by the FOIA statute.

8.  On April 29, 2007, Plaintiff mailed a letter to the
Department of Justice's Office of Information and Privacy ("OIP")
appealing the BOP's failure to respond to Plaintiff's request for
of records, on the ground that such failure violates Plaintiff's
statutory rights.

9.  The OIP subsequently responded to Plaintiff's April 29,
2006 appeal-letter.  The OIP response stated in pertinent part--

> "Department of Justice regulations provide for an adminis
> trative appeal only after there has been an adverse
> determination by a component.  As no adverse determination
> has yet been made regarding your records request, there
> is no  action for this Office to consider on appeal.
> The FOIA itself contemplates judicial review, rather
> than an administrative appeal, when an agency has failed
> to respond to a request within the statutory time limits.
> **We have forwarded your letter to the BOP.**  If you are
> dissatisfied with the ultimate action of the BOP, you
> may appeal again to this Office."  (emphasis added)

A copy of the OIP response-letter is not available for mailing
with this declaration but is among a number of materials sought
by Plaintiff through discovery in accordance with Fed.R.Civ.R.
56(f).

-3-

10. Because more than 20 days had passed since OIP forwarded a copy of my original FOIA request to BOP and still no response was received, I mailed to this Court a Complaint alleging violation of FOIA by BOP; it was filed by the Clerk on September 26, 2006.

11. After the Complaint was filed, the case languished on the docket for nearly a year before this Court ordered service of the Complaint and a summons on July 3, 2007.  Defendant was served by the U.S. Marshal's Service on July 25, 2007.

12. An Amended Complaint was filed and swerved by Plaintiff on or about October 3, 2007, wherein it was also alleged that BOP has adopted a custom and practice of ignoring prisoner FOIA requests and/or delaying response to such requests unless and until the prisoner files a lawsuit.

13. Defendant responded to my FOIA Complaint by releasing 97 pages of records determined to be within the scope of my disclosure request, and by filing its motion for summary judgment and supporting papers.

14. The Defendant has previously represented to this Court that it had located 325 pages of records responsive to my FOIA disclosure requests - three times the number of pages released. See Defendant's Motion for Enlargement of Time to Answer, Move or Otherwise Respond to Plaintiff's Complaint, filed September 21, 2007, and the Declaration of Wilson Moorer, appended thereto.

15. The records released by Defendant that are purported to

be responsive to my request for the urine testing contract between BOP and National Toxicology Laboratories is, in fact, a urine testing contract between BOP and Phamatech, Inc., entered into after my FOIA disclosure request was received by BOP. The BOP Phamatech contract is not responsive to my disclosure request; that is, the information it contains regarding chain of custody protocols, accuracy standard, drug cross reactions, etc., was developed for and in connection with a urine testing device different from the one used to test specimen # B01652926.

16. The Declaration of Wilson Moorer made in support of Defendant's summary judgment motion states, at paragraph 5, that the BOP's failure to respond to my original FOIA request resulted from "processing error," and that the BOP's "Washington, D.C. office [only] became aware of my FOIA request when [I] filed this civil action." The former assertion is unsupported on the record by "papers or parts thereof" referred to including corres- pondence "log[s]" and the relevant directives for processing FOIA requests by BOP Central Office personnel, etc. The latter assertion is controverted by OIP's letter, referenced above, which indicates that a copy of my FOIA request-letter was forwarded to BOP Central Office in April, 2007. Moorer's Declaration does not, therefore, establish that no genuine issue exists for trial as to whether Defendant knowingly, willfully, arbitrarily and unlawfully delayed response to my request for records, as required by Fed.R.Civ.P. 56(e).

-5-

17.  My January 13, 2006 FOIA letter makes explicit request
for records and information concerning possibility that certain
dental anesthetic, Articaine, could or could not have caused a
false positive for cocaine metabolite reported to be present in
specimen # B01652926.  The Declaration and Memorandum in support
of Defendant's motion for summary judgment do not demonstrate
that the 252 pages of records concededly withheld contain no
information relating to Articaine's false positive potential, or
that records responsive to this part of my request is not maintained
in other BOP files.

18.  The evidence I need in order to demonstrate that
Defendant has followed the practice and custom  of ignoring, or
delaying response to, FOIA requests of prisoners is in the
exclusive knowledge, possession or control of defendant - including
agency records and reports such as those described in 5 U.S.C.
§ 552(e) - and summary judgment in Defendants favor is, therefore,
inappropriate since I have not been afforded an adequate opportun-
ity to conduct discovery.

19.  The foregoing allegations present genuine issues of
material fact or otherwise preclude summary judgment in Defendant's
favor.

Pursuant to 28 U.S.C. § 1746, I declare the foregoing
statements are true and correct to the best of my knowledge,
information

Signed this 1st day of December, 2007

*Anthony Ray*
Anthony Ray
Reg. No. 04077-000
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501-1000

## CERTIFICATE OF MAILING

I hereby certify that on this 3rd day December, 2007, I deposited the originals and a set of copies of the enclosed Plaintiff's Declaration in Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Statement of Disputed/Unresolved Factual Issues Precluding Entry of Summary Judgment in Defendant's Favor in a receptacle provided by prison authorities for outgoing inmate mail, with first class postage prepaid and addressed to:

Office of the Clerk                 Sherease Pratt
United States District Court        Assistant U.S. Attorney
District of Columbia                555 Fourth Street, NW
333 Constitution Ave., NW           Washington, D.C. 20530
Washington, D.C. 20001

*Anthony Ray*
Anthony Ray

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY D. RAY,                          )
                                         )
          Plaintiff,                     )
                                         )
     -vs-                                )    Civil No. 06-1673 (RWR)
                                         )
FEDERAL BUREAU OF PRISONS,               )
                                         )
          Defendant.                     )

PLAINTIFF'S STATEMENT OF DISPUTED/UNRESOLVED FACTUAL ISSUES
PRECLUDING ENTRY OF SUMMARY JUDGMENT IN DEFENDANT'S FAVOR

The Defendant has moved for summary judgment on the Plaintiff's claims concerning unlawful withholding and delays in responding to prisoner requests for access to records under the Freedom of Information Act/Privacy Act, 5 U.S.C. §§ 552, 552a. Plaintiff submits the following list of genuine issues of material fact that require the denial of the Defendant's motion.

1. Whether Defendant has, in fact, released all agency records responsive to Plaintiff's original Freedom of Information Act ("FOIA") requests.

2. Whether Defendant knowingly and willfully violated Plaintiff's statutory right to inspection of disclosable agency records promptly and at the least cost reasonably required.

3. Whether Defendant has followed a practice and custom of ignoring, or delaying response to, prisoner requests for access to records under FOIA.

4.  Whether Defendant's explanation for the delay in responding to Plaintiff's FOIA requests is supported by the record.

5.  Whether Plaintiff is entitled to judgment against Defendant for unreasonable delay in responding to Plaintiff's request for disclosure of agency records.

6.  Whether Plaintiff should be awarded his costs incurred in bringing a lawsuit in order to obtain records he was entitled to have provided promptly upon request and at least cost reasonably required.

Respectfully submitted,

Anthony Ray
Reg. No. 04077-000
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501-1000

Executed:   December 1, 2007