UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTHONY D. RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-1673 (RWR) |
| v. | ) |
| | ) |
| BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY
AND MOTION FOR PROTECTIVE ORDER**

Defendant, Bureau of Prisons ("BOP"), respectfully opposes the motion to compel discovery filed by plaintiff, who is incarcerated and proceeding pro se, in this case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended. This case presents no exception to the general rule that discovery is inappropriate in a FOIA case, until and unless ordered by the Court, pending defendant's motion for summary judgment.[1] Plaintiff's discovery requests should have been included in a properly-filed Rule 56(f) affidavit in opposition to defendant's motion for

---

[1] There is no scheduling order in this FOIA case because plaintiff is incarcerated and proceeding pro se. Local Rule 16.3(b) of this Court exempts certain categories of cases from the meet-and-confer requirements of Local Rule 16.3, and Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure. The exempted cases include "an action brought without counsel by a person in custody of the United States" and "FOIA Actions." See LCvR 16.3(b)(3), (9). The exempted cases, such as this case, are those in which discovery or a scheduling order is not typically appropriate. Non-exempted cases, on the other hand, are subject to the requirements of Rule 16(b), which provides that the discovery time period commences when the court enters a scheduling order. See Fed. R. Civ. P. 16(b) ("the district judge . . . shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference . . . enter a scheduling order that limits the time . . . (3) to complete discovery . . . ."); accord Fed. R. Civ. P. 26(d) ("a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)").

summary judgment, which has now been fully-briefed and is pending before the Court.[2]  The Court should therefore deny plaintiff's motion to compel the BOP "to answer interrogatories and produce documents" (see Mot. to Compel at 1).  The motion is at best a late-filed Rule 56(f) declaration, which fails to comport with the requirements of LCvR 7(h) and Rule 56(f) and prematurely asks the Court to order relief appropriate only as part of the Court's ruling on defendant's motion for summary judgment.[3]  Defendant further moves the Court, pursuant to Fed. R. Civ. P. 26(c), for a protective order that no discovery shall be conducted in this case unless ordered by the Court as part of a ruling on defendant's motion for summary judgment.[4]  A proposed order consistent with defendant's requested relief is attached.

---

[2] Rule 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just."

[3] Clearly, plaintiff's discovery requests, dated December 17, 2007, relate to matters raised (or that should have been raised) in plaintiff's Statement of Disputed/Unresolved Factual Issues Precluding Entry of Summary Judgment in Defendant's Favor filed with the Court on December 6, 2007, and entered on ECF docket on December 10, 2007 (Docket Entry No. 18).  As defendant pointed out in its reply brief (Docket Entry No. 23), plaintiff's statement of disputed facts failed to comport with the requirements of Local Rule 7(h).  Similarly, his motion to compel fails to comport with the requirements of the same Local Rule and Rule 56(f) of the Federal Rules of Civil Procedure.

[4] Plaintiff's declaration in support of his motion to compel mentions that he served requests for admission on defendant.  Undersigned counsel received the mailed document on February 29, 2008, less than 30 days ago.  However, the requests bear no relation to any issue in this case brought under the FOIA statute.  Instead, plaintiff improperly seeks admissions from BOP that appear to relate to his ongoing speculative effort to prove that his positive drug test on November 9, 2005 resulted from a false positive -- an allegation that was squarely rejected in the BOP administrative review process and is not before this Court.  See Request for Admission No. 5 ("It cannot be determined from the records released to Plaintiff whether Articaine/Septocaine is capable of producing a false positive result for cocaine using the QuickScreen Cup Multi Drug Screening Test.").

**DISCUSSION**

Discovery is the exception, not the rule, in FOIA cases. See, e.g., Brunsilius v. U.S. Dept. of Energy, 514 F.Supp.2d 30, 36 n.2 (D.D.C. 2007) (court denied plaintiff's motion to conduct discovery pursuant to Fed. R. Civ. P. 56(f) because "discovery is generally inappropriate in a FOIA case") (citation omitted); Voinche v. FBI, 412 F.Supp.2d 60, 71-72 (D.D.C. 2006) (denying plaintiff's motion for leave to conduct discovery) (citing Wheeler v. CIA, 271 F.Supp.2d 132, 139 (D.D.C. 2003)("Discovery is generally unavailable in FOIA action"). Permissible discovery should take place, if at all, only after the government moves for summary judgment and submits its supporting affidavits and memorandum of law, which contain its evidentiary proof in the case. See, e.g., Voinche, 412 F.Supp.2d at 71-72 (citing Schrecker v. U.S. Dep't of Justice, 217 F.Supp.2d 29, 35 (D.D.C.2002) ("Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains."); Founding Church of Scientology v. U.S. Marshals Serv., 516 F.Supp. 151, 156 (D.D.C. 1980) (barring discovery until defendant has opportunity to submit second Vaughn affidavit). Accord Miscavige v. IRS, 2 F.3d. 366, 369 (11th Cir. 1993) ("The plaintiff's early attempt in litigation of this kind . . . to take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions.").

If discovery is permitted in a FOIA action, it is ordinarily limited to the adequacy of the agency's search and similar matters. See, e.g., Tax Analysts v. IRS, 214 F.3d 179, 185 (D.C.Cir. 2000)(remanding for discovery on "narrow and fact specific question" concerning disclosability of specific type of document); accord Heily v. U.S. Dep't of Commerce, 69 F.Appx. 171, 174 (4th Cir.

2003) (per curiam) (Court limited discovery to any factual disputes relating to scope of the agency's search and its indexing and classification procedures) (citing Weisberg v. U.S. Dep't of Justice, 627 F.2d 365, 371 (D.C. Cir.1980). The major exception to this limited scope of discovery is when the plaintiff raises a sufficient question as to the agency's good faith in responding to the FOIA request. See, e.g., Accuracy in Media, Inc. v. National Park Service, 194 F.3d 120, 124-25 (D.C.Cir. 1999) (upholding denial of discovery based on "speculative criticism" of the agency's search). Accord Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994)("In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.").

There is no reason to depart from the general rule that discovery is inappropriate in a FOIA case. In this case, plaintiff did not file a written opposition to defendant's summary judgment motion; rather plaintiff filed a Statement of Disputed/Unresolved Factual Issues Precluding Entry of Summary Judgment in Defendant's Favor, and a Declaration in Opposition to Defendant's Motion for Summary Judgment (Docket Entry No. 18). Plaintiff's statement of disputed "facts" identified six alleged "legal" disputes with defendant, and, as defendant pointed out in its reply brief (Docket Entry No. 23), the statement failed to comport with the requirements of Local Rule 7(h).

If plaintiff believed that he needed discovery to respond to defendant's motion for summary judgment, he was required to file a Rule 56(f) affidavit (see n.2, supra). Plaintiff may not avoid this obligation by serving discovery requests after he filed his opposition to defendant's motion, and then request that the Court order defendant to respond to the discovery before the Court decides the

motion. Indeed, plaintiff's statement of disputed facts provides no basis for discovery. To the contrary, plaintiff raised only one disputed "fact" in his statement, i.e., that the BOP's disclosure of documents relating to BOP's contract with Pharmatech, Inc. ("Pharmatech") were non-responsive to his FOIA request because the company that analyzed his random urine sample (found to be positive for cocaine) was the National Toxicology Laboratories, Inc. ("NTL"). Defendant conceded this error and has since conducted a second search and disclosed to plaintiff responsive non-exempt documents relating to NTL (see Defendant's Reply Brief (Docket Entry No. 23)). Plaintiff, however, did not challenge the reasonableness of BOP's search for the remaining requested documents or challenge the assertion of any FOIA exemptions by defendant.[5]

Because the discovery requests propounded by plaintiff do not seek information that is relevant to the resolution of his FOIA action and because plaintiff has failed to show any basis for the limited discovery that is sometimes allowed in FOIA cases, the motion to compel discovery should be denied. In addition, the Court should enter a protective order, pursuant to Fed. R. Civ. P. 26(c), directing that no discovery shall be conducted in this case.

---

[5] Accordingly, defendant is entitled to summary judgment because the BOP has conducted an adequate search in response to plaintiff's FOIA request, has disclosed all responsive non-exempt records (including its supplemental disclosure of the NTL contract documents), and no records have been improperly withheld from plaintiff. Under these circumstances, there is no basis for discovery in this case.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by First-Class mail, postage prepaid to:

>Anthony D. Ray (pro se)
>Reg. # 04077-000
>Cumberland FCI
>P.O. Box 1000
>14601 Burbridge Road, S.E.
>Cumberland, Maryland 21501-1000

on this 24th day of March, 2008.

>____/s/_____
>JOHN G. INTERRANTE
>Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ANTHONY D. RAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 06-1673 (RWR)** |
| v. ) | |
| ) | |
| **BUREAU OF PRISONS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Upon Consideration of Defendant's Opposition to Motion to Compel Discovery and Defendant's Motion for Protective Order, and the entire record herein,

It is hereby **ORDERED** that the plaintiff's motion to compel is **DENIED**.

It is further **ORDERED** that defendant's motion for a protective order is **GRANTED**.

It is further **ORDERED** that plaintiff shall not serve any discovery or requests for admission in this case until and unless the Court authorizes such discovery after ruling on defendant's motion for summary judgment.

It is **SO ORDERED** this _____ day of _____, 2008.

_____
Richard W. Roberts
United States District Judge