UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ANTHONY D. RAY,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No. 06-1673 (RWR) |
| ) | |
| v. ) | |
| ) | |
| **BUREAU OF PRISONS,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AND ALLOWANCE OF TIME TO FILE SUPPLEMENTAL PLEADING IN OPPOSITION TO DEFENDANT'S REPLY BRIEF/RENEWED MOTION FOR SUMMARY JUDGMENT

Defendant, Bureau of Prisons ("BOP"), respectfully responds to plaintiff's motion for leave of court to file a "supplemental pleading" (Docket Entry No. 28), entered on ECF on April 16, 2008. Specifically, plaintiff requests a 60-day period of time to file a response to defendant's reply to plaintiff's opposition to defendant's motion for summary judgment, which was filed on March 17, 2008 (Docket Entry No. 23), in this case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

Defendant does not oppose plaintiff's request to the extent that his response is limited to issues related to the supplemental search conducted by the Bureau of Prisons in response to plaintiff's FOIA request, and briefed for the first time in defendant's reply. See Def's Reply Br. at 2 n.3) (" Because BOP is filing a supplemental declaration, we have no opposition to plaintiff filing a response limited to the supplemental search for [National Toxicology Laboratories, Inc.] documents and resulting supplemental disclosures.")

Defendant opposes plaintiff's request to the extent that he seeks to address issues that were

raised, or should have been raised, in his opposition to defendant's motion for summary judgment, which was filed on December 6, 2007 (Docket Entry No. 18). See Def's Reply Br. at 2 n.3 ("Defendant, however, does object to plaintiff raising any issues [in a supplemental response] that could have been raised in his initial opposition."). Defendant identified the issues that plaintiff raised, or should have raised, in his initial opposition brief as follows:

> Plaintiff does not otherwise challenge the reasonableness of BOP's search for responsive documents maintained by BOP's Administration Division, Procurement Executive Office, or contained in plaintiff's Inmate Central File (Moorer Decl., ¶¶ 6, 7). Nor does plaintiff challenge the assertion of any FOIA exemptions by defendant. Rather, plaintiff merely speculates that the 252 pages of documents in BOP's Pharmatech that were deemed to be non-responsive to his FOIA request may contain information otherwise responsive to his request for information that his positive drug test was actually a false positive (Pl's Decl., ¶ 17). This speculation is belied by the fact (which plaintiff correctly points out) that his urine specimen was analyzed by NTL, not Pharmatech, which was not involved in the analysis of his urine specimen (see id., ¶ 15). Hence, any Pharmatech documents are clearly non-responsive to plaintiff's FOIA request. The remainder of plaintiff's declaration complains about the delay in BOP's response to his FOIA request, but does not otherwise challenge any of the assertions in defendant's statement of material facts not in genuine dispute.

(Def's Reply Br. (Docket Entry No. 23) at 2 n.2). Plaintiff therefore is not entitled to file a "supplemental pleading" addressing any of these issues.

**WHEREFORE**, if the Court grants plaintiff's motion for leave to file a supplemental pleading, the Court should order that plaintiff may address only issues related to the supplemental search conducted by defendant.

                    Respectfully submitted,


                    /s/
                    JEFFREY A. TAYLOR, D.C. Bar # 498610
                    United States Attorney


                    /s/
                    RUDOLPH CONTRERAS, D.C. Bar # 434122
                    Assistant United States Attorney


                    /s/
                    JOHN G. INTERRANTE
                    PA Bar # 61373
                    Assistant United States Attorney
                    Civil Division, Room E-4806
                    555 4th Street, N.W.
                    Washington, D.C. 20530
                    (202) 514-7220
                    (202) 514-8780 (fax)
                    John.Interrante@usdoj.gov


Of Counsel:

Wanda Hunt, Esq.
Federal Bureau of Prisons
Washington, D.C.

## **CERTIFICATE OF SERVICE**

      I certify that on this 29th day of April, 2008, I caused a copy of the foregoing to be served upon plaintiff by U.S. Mail, first class postage prepaid, addressed to:

**ANTHONY D. RAY**
R# 04077-000
Cumberland F.C.I.
P.O.B. 1000
14601 Burbridge Road, SE
Cumberland, Maryland  21501-1000

                                          /s/
                                       John G. Interrante
                                       Assistant United States Attorney