UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTHONY D. RAY, )<br>)<br>  Plaintiff, )<br>  v. )<br>)<br>FEDERAL BUREAU )<br>OF PRISONS, )<br>)<br>  Defendant. )<br>) | Case No: 06-01673 (RWR) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO "FILE INSTANTER"**

Defendant, Bureau of Prisons ("BOP"), respectfully opposes Plaintiff's Motion for Leave to "File Instanter." Plaintiff is a convicted murderer and is proceeding pro se in this case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended. In Plaintiff's "Motion for Leave to File Instanter the Accompanying Motion and Pleadings in Opposition to Defendant's Motion for Summary Judgment" filed on July 3, 2008 (and served on Defendant on July 8, 2008), Plaintiff includes both a "Motion for an Order Authorizing Commencement of Discovery" (hereinafter referred to as "Discovery Motion") and an "Amended Declaration in Opposition to Defendant's Motion for Summary Judgment and Statement of Genuine Issues of Material Fact in Dispute" (hereinafter referred to as "Amended Opposition"). See Dkt. No. 32.

In regard to Plaintiff's Discovery Motion, Defendant has already provided an Opposition (and Motion for a Protective Order) to Plaintiff's previous Motion to Compel Discovery filed on March 19, 2008. See Dkt. Nos. 25 and 26. Further, this Court already granted Defendant's Motion for a Protective Order protecting Defendant from improper and premature discovery requests. See Dkt. No. 27.

In regard to Plaintiff's Amended Opposition, Plaintiff does not introduce any additional FOIA claims or issues that have not already been addressed in the parties' briefs. For these reasons, the Court should deny Plaintiff's Motion for Leave to "File Instanter" the Discovery Motion. Defendant takes no position on whether the Court should allow Plaintiff to file the Amended Opposition.

**DISCUSSION**

**I.     Plaintiff's Motion for Leave to file his "Motion for an Order Authorizing Commencement of Discovery"**

In Plaintiff's Discovery Motion, Plaintiff asks this Court again, to compel discovery as he did in his "Motion to Compel Discovery." Compare Dkt. No. 24, Motion to Compel Discovery with Dkt. No. 32, Discovery Motion. As previously argued in Defendant's Opposition to Plaintiff's Motion to Compel Discovery and Motion for Protective Order, see Dkt. Nos. 25 and 26, this case presents no exception to the general rule that discovery is inappropriate in a FOIA case, until and unless ordered by the Court pending defendant's motion for summary judgment.[1] Plaintiff merely provides speculation for his basis to compel discovery.

---

[1] There is no scheduling order in this FOIA case because plaintiff is incarcerated and proceeding pro se. Local Rule 16.3(b) of this Court exempts certain categories of cases from the meet-and-confer requirements of Local Rule 16.3, and Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure. The exempted cases include "an action brought without counsel by a person in custody of the United States" and "FOIA Actions." See LCvR 116.3(b)(3), (9). The exempted cases, such as this case, are those in which discovery or a scheduling order is not typically appropriate. Non-exempted cases, on the other hand, are subject to the requirements of Rule 16(b), which provides that the discovery time period commences when the court enters a scheduling order. See Fed. R. Civ. P. 16(b) ("the district judge . . . shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference . . . enter a scheduling order that limits the time . . . (3) to complete discovery . . ."); accord Fed. Ru. Civ. P. 26(d) ("a party may not seek discovery from any source before the parties have conferred as required by rule 26(f)").

Discovery is the exception, not the rule, in FOIA cases. See, e.g., Brunsilius v. U.S. Dept. of Energy, 514 F.Supp.2d 30, 36 n.2 (D.D.C. 2007) (court denied plaintiff's motion to conduct discovery pursuant to Fed. R. Civ. P. 56(f) because "discovery is generally inappropriate in a FOIA case") (citation omitted); Voinche v. FBI, 412 F.Supp.2d 60, 71-72 (D.D.C. 2006) (denying plaintiff's motion for leave to conduct discovery) (citing Wheeler v. CIA, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA action"). Permissible discovery should take place, if at all, only after the government moves for summary judgment and submits its supporting affidavits and memorandum of law, which contain its evidentiary proof in the case. See, e.g., Voinche, 412 F.Supp.2d at 71-72 (citing Schrecker v. U.S. Dep't of Justice, 217 F.Supp.2d 29, 35 (D.D.C.2002) ("Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains."); Founding Church of Scientology v. U.S. Marshals Serv., 516 F.Supp. 151, 156 (D.D.C. 1980) (barring discovery until defendant has opportunity to submit second Vaughn affidavit). Accord Miscavige v. IRS, 2 F.3d. 366, 369 (11th Cir. 1993) ("The plaintiff's early attempt in litigation of this kind . . . to take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions.").

If discovery is permitted in a FOIA action, it is ordinarily limited to the adequacy of the agency's search and similar matters. See, e.g., Tax Analysts v. IRS, 214 F.3d 179, 185 (D.C.Cir. 2000) (remanding for discovery on "narrow and fact specific question" concerning disclosability of specific type of document); accord Heily v. U.S. Dep't of Commerce, 69 F.Appx. 171, 174 (4th Cir. 2003) (per curiam) (Court limited discovery to any factual disputes relating to scope of the

agency's search and its indexing and classification procedures) (citing <u>Weisberg v. U.S. Dep't of Justice</u>, 627 F.2d 365, 371 (D.C. Cir.1980). The major exception to this limited scope of discovery is when the plaintiff raises a sufficient question as to the agency's good faith in responding to the FOIA request. <u>See</u>, e.g., <u>Accuracy in Media, Inc. v. National Park Service</u>, 194 F.3d 120, 124-25 (D.C.Cir. 1999) (upholding denial of discovery based on "speculative criticism" of the agency's search). <u>accord</u> <u>Carney v. U.S. Dep't of Justice</u>, 19 F.3d 807, 812 (2d Cir. 1994) ("In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.").

In <u>Accuracy in Media, Inc. v. National Park Service</u>, Accuracy in Media, Inc. ("AIM") sought discovery in its pursuit, under FOIA, of obtaining photographs of a deceased Deputy White House counsel and alleged that " type-written reports from those who attended the autopsy were quite detailed-so detailed, it says, that there must also be some handwritten notes because the attendees could not have typed or dictated the reports from memory." 194 F.3d 120, 125 (D.C. Cir. 1999). The D.C. Court of Appeals stated that "'[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them'" (quoting <u>SafeCard Services, Inc. v. SEC</u>, 926 F.2d 1197, 1201 (D.C.Cir.1991)), and held that the district court did not abuse its descretion by not providing AIM with discovery. <u>Id</u>.

Here, Plaintiff has not provided a basis to challenge BOP's search for responsive records or provided a showing of bad faith, or tangible evidence that an exemption claimed by BOP

should not apply or that summary judgment is otherwise inappropriate.  As in <u>Accuracy in Media, Inc. V. National Park Service</u>, Plaintiff merely speculates that "records released by BOP suggest the existence [sic] of other responsive material for which no further searches were conducted; records released by BOP suggest that 252 pages of records withheld by BOP include a "Third Party Study" and an "Accuracy Summary" that are within the scope of Plaintiff's FOIA request."  <u>See</u> Dkt No. 32, Plaintiff's Discovery Motion at p. 4.[2]  Mere speculation does not establish a basis to conduct discovery in FOIA cases.  Furthermore, nowhere in Plaintiff's Discovery Motion does Plaintiff provide a <u>showing</u> of bad faith, tangible evidence that an exemption claimed by BOP should not apply or that summary judgment in this case is inappropriate.  At most, Plaintiff's statements amount to speculation.

In <u>Carney v. U.S. Dep't of Justice</u>, the Second Circuit found that a FOIA requester needed more than "bare allegations" for a court to grant discovery in a FOIA case.  The Second Circuit stated:

---

[2]Plaintiff speculates that among other things, discovery will "shed light on who and what caused the 'processing error' which BOP alleges was responsible for its failure to respond to the FOIA request [before Plaintiff filed his complaint] . . . how many prisoner FOIA requests receive no response from BOP unless and until a lawsuit to compel disclosure is filed; documents and information which identify the personnel and procedures involved in handling FOIA requests received by BOP . . . BOP employees [that] have followed a practice and custom of withholding response to prisoner FOIA requests. . . Plaintiff also seeks the following through discovery: a description of BOP's system of records that is sufficient to enable him to meaningfully challenge the reasonableness of BOP's failure to search additional files for material responsive to the FOIA request, the identities, job titles and experience of the BOP employees who made searches for material responsive to FOIA request; reasonably detailed, non-conclusory description of the 252 pages of Pharmatech, Inc.'s [sic] contract documents concededly withheld from Plaintiff by BOP; information from which it may be determined whether the 63 pages of National Toxocology Laboratory's contract uncovered in the course supplemental search for responsive records comprised the entire NTL contract file, and/or whether BOP withheld NTL documents determined to be non-responsive, as was the case with the Pharmatech [sic] contract documents."

> "[w]ithout factual support, Carney's [plaintiff's] allegations are grounded in mere speculation, and the district court therefore did not abuse its discretion in denying him discovery. See, e.g., Safecard, 926 F.2d at 1200 ("Agency affidavits ... cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C.Cir.1981)); cf. Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 251 (2d Cir.1985) (speculative allegations of conspiracy insufficient to justify discovery).

19 F.3d 807, 813 (2d Cir. 1994). In this case, Plaintiff has provided no more than bare allegations to justify discovery. See generally Plaintiff's Discovery Motion. This Court should again deny Plaintiff's second attempt to compel discovery in this case and deny Plaintiff's Motion for Leave to "File Instanter," including Plaintiff's Discovery Motion.

**II.   Plaintiff's Motion for Leave to file "Amended Declaration in Opposition to Defendant's Motion for Summary Judgment and Statement of Genuine Issues of Material Fact in Dispute"**

Defendant has addressed all of the FOIA claims and allegations raised by Plaintiff set forth in his Complaint filed on September 29, 2006, his amended Complaint filed on October 30, 2007, his Opposition filed on December 6, 2007, in Defendant's Motion for Summary Judgment filed on October 5, 2007 and Defendant's Reply to Plaintiff's Opposition filed on March 17, 2008. Plaintiff's proposed Amended Opposition does not raise any new FOIA issues that have not already been raised by Plaintiff in the Complaint, Amended Complaint and Opposition and that have not already been addressed and briefed by Defendant.[3]  Compare Plaintiff's Amended

---

[3] Although Plaintiff alleges that the scope of his request is a genuine issue of material fact in dispute, he not only mischaracterizes his own request, but also fails to point out the scope of the searches conducted by BOP. Amended Opposition at ¶¶ 13-15. Plaintiff alleges that his request was attached as Exhibit 1 to his Complaint however, the Docket shows that no such Exhibit was attached to the Complaint. See Dkt. No. 1. Defendant provided this Court a copy of

Opposition at ¶¶ 14-15 with Plaintiff's "Declaration in Opposition to Defendant's Motion for

Summary Judgment," Dkt. No. 18 at ¶ 17; Compare Plaintiff's Amended Opposition at ¶¶ 18-19

with Plaintiff's "Declaration in Opposition to Defendant's Motion for Summary Judgment," Dkt.

---

Plaintiff's January 13, 2006 FOIA request in Defendant's Motion for Summary Judgment filed on October 5, 2007.  See Government's Exhibit A, Document 14-4.  The text of Plaintiff's FOIA request was paraphrased in both the Motion for Summary Judgment and the accompanying Declaration of Wilson J. Moorer, see Plaintiff's Motion for Summary Judgment at p. 2; Declaration of Wilson J. Moorer at ¶ 4, however, the January 13, 2006 request did not request "records and information pertaining to the potential for Articaine and/or Septocaine to cause a false positive urine test result for cocaine" as Plaintiff alleges.  Compare Amended Opposition at ¶ 14 with Government's Exhibit A, Document 14-4 at pp. 1-2.  In order for BOP to search for records responsive to this new and expanded request, Plaintiff would need to submit a new FOIA request to BOP.  Indeed, the D.C. Circuit has explicitly observed that "[r]equiring an additional search each time the agency receives a letter that clarifies a prior request could extend indefinitely the delay in processing new requests," and that "if the requester discovers leads in the documents he receives from the agency, he may pursue those leads through a second FOIA request."  Kowalczyk v. Dep't of Justice, 73 F.3d 386, 388-89 (D.C. Cir. 1996).
   Here, Plaintiff is refining his request after he has submitted his Complaint, Amended Complaint and all briefs have been submitted to the Court.  Clearly, it is too late to change the terms of his request.  If Plaintiff seeks to obtain additional records through the FOIA, he will need to submit a new request to BOP.
   Additionally, BOP's search for responsive records makes the paraphrasing moot because it is clear that the search for responsive records in Plaintiff's Inmate Central File "contained any/all information responsive to the FOIA request.  The Inmate Central File contains information related to the inmate's daily incarceration in the BOP.  This is the main file for any/all information regarding an inmate.  Although there may be other locations that may have information regarding an inmate, these files would only contain duplicate information that is originally found in the Inmate Central File."  Id.  Additionally, "BOP's index of policies/program statements were searched to locate any/all policies regarding urine testing."  Id.
   The fact that Defendant paraphrased Plaintiff's request in the Motion for Summary Judgment and the accompanying Moorer Declaration neither means that Defendant narrowed the scope of request nor the search for responsive records.  The description of the searches conducted by BOP make it very clear that BOP searched in all files that would most likely contain responsive records to Plaintiff's January 13, 2006 request.  Id. See also Defendant's Reply at pp. 7-9 and the Supplemental Declaration of Wilson J. Moorer discussing the supplemental search for the contract documents between BOP and National Toxicology Laboratories, Inc. ("NTL") at ¶¶ 6-8, 12.  As previously discussed in Defendant's Motion for Summary Judgment and Reply, Defendant's searches were reasonably calculated to uncover all relevant documents.  Weisberg v. U.S. Dept. Of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983).

No. 18 at ¶ 9-10. Thus, because no new issues are raised, Defendant does not take a position on whether the Court should allow Plaintiff to file the Amended Opposition. However, if this Court were to grant Plaintiff's Motion for Leave to file the Amended Opposition, Plaintiff would be allowed to continue to allege *ad infinitum* the same FOIA claims and allegations that have already been addressed and briefed by Defendant, wasting this Court's valuable time and resources.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion for Leave to file the Discovery Motion.

July 22, 2008                              Respectfully submitted,

                                            /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                            /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                                            /s/ Cindy Owens
CINDY S. OWENS, D.C. BAR # 491465
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-616-2257/ FAX 202-514-8780

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTHONY D. RAY,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**FEDERAL BUREAU** )<br>**OF PRISONS**, )<br>)<br>**Defendant.** )<br>) | Case No: 06-01673 (RWR) |

**CERTIFICATE OF SERVICE**

I hereby certify that the Defendant's Opposition to Plaintiff's Motion for Leave to "File Instanter" has been served on July 22, 2008, by first class U.S. mail, postage pre-paid to:

ANTHONY D. RAY
R# 04077-000
Cumberland F.C.I.
P.O.B. 1000
14601 Burbridge Road, SE
Cumberland, Maryland 21501-1000

                                                  /s/  Cindy Owens
                                   CINDY S. OWENS, D.C. BAR # 491465
                                   Special Assistant United States Attorney
                                   United States Attorney's Office
                                   555 4th Street, N.W.
                                   Washington, D.C. 20530
                                   202-616-2257/ FAX 202-514-8780