UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
ANTHONY RAY,                   )
                               )
        Plaintiff,             )
                               )
    v.                         )    Civil Action No. 06-1673 (RWR)
                               )
FEDERAL BUREAU OF PRISONS,     )
                               )
        Defendant.             )
_____)
```

## MEMORANDUM OPINION

Plaintiff Anthony Ray, a prisoner, filed this pro se complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, and the defendant Federal Bureau of Prisons ("BOP") has filed a motion for summary judgment, which is ripe for resolution. Because the BOP has not demonstrated that it is entitled to summary judgment under the FOIA, and has failed to respond to a related claim, its motion for summary judgment will be denied.

BACKGROUND

Ray submitted a FOIA request to the office of the General Counsel of the Federal Bureau of Prisons describing the information and documents he was requesting as follows:

> Copies of all records created by the BOP and/or the National Toxicology Laboratory, Inc. (NTL), regarding urine specimen #BOI652926, including chain-of-custody records, relevant portions of any ledgers kept by respective custodians, laboratory results/reports, etc. I also request copies of the contract between the BOP and NTL under which specimen #BOI65926 [sic] was tested, and copies of any Operations Memoranda or other documents which set forth procedure, protocol, standards or guidelines established to ensure the reliability and accuracy of urine analysis. Finally, I request disclosure of the identities of NTL personnel involved in the analysis of . . . specimen # BOI65926 [sic], the number and type of tests conducted on said specimen, whether the entire specimen was consumed in

> testing, and the disposition of both the tested and any untested portions of the specimen.
>
> If you determine that any portion of the specimen remains in the custody or control of either the BOP or NTL, I hereby request that such remaining portions of the specimen be preserved as evidence material to resolution of judicial proceedings.
>
> My final request is for copies of documents and/or disclosure of information referred to in disciplinary proceedings based on Incident Report #140-3543. See attached, DHO Report, p. 2, D., 1. thru 4. More specifically, as regards D., 4., I request a copy of the "memorandum" submitted to the DHO by LCDR R. Byrd, as well as copies of any publications and/or the source and substance of any unpublished information "reviewed" by R. Byrd which led him to conclude that the "metabolism and chemical structure of a dental anesthetic given to [me near the time of submission of urine sample showed] no comparison . . . [to] cocaine metabolites that would cause a false positive urine test result."

See BOP's First Mot. for Summ. J. ("BOP Mot."), Ex. A (Ray's FOIA Letter Request, Jan. 13, 2006 ("Ray's FOIA Request")); see also Compl. ¶ 6.[1] Three months later, having received no response from the BOP, Ray attempted to appeal the BOP's nonresponse, but his appeal was rejected because the agency had made no adverse determination. See Compl. ¶¶ 7-9. Ray filed this pro se complaint alleging that the BOP's lack of response to his request violated the FOIA. He later filed an amended complaint that also alleged that the BOP had a practice and custom of ignoring prisoners' FOIA requests, and that sought to enjoin the defendant from continuing its alleged practice. See Am. Compl. ¶ 11.

The BOP acknowledges that it mishandled Ray's FOIA request upon receipt, and did not begin its search for responsive documents until after this lawsuit was filed. See BOP Mot., Declaration of Wilson J. Moorer, Feb. 25, 2008 ("Moorer Decl.") ¶¶ 5-6. The BOP characterizes

---

[1] The plaintiff uses two different numbers — BOI65926 and BOI652926 — in referring to the one specimen, and the defendant also uses two different numbers — B01652926 and BOI652926.

Ray's FOIA request as seeking "a copy of all records created by the [BOP] in regards to the . . . [NTL] urine specimen #BOI652926; a copy of the contract between the BOP and NTL; a copy of any Operations Memoranda or policies regarding urine analysis; and the names of NTL personnel who conducted the urine test." Moorer Decl. ¶ 4. After searching its Procurement Office, the BOP released with redactions a portion of its contract with a firm called Phamatech,[2] and determined that the remainder of the contract, 252 pages, was not responsive to Ray's FOIA request. *Id.* ¶¶ 6, 8. The BOP also searched Ray's Inmate Central File and identified two responsive documents of twelve pages each, which were released to Ray with redactions. *Id.* ¶¶ 7, 8; *see also* BOP's Reply at 3, n.6. On this basis, the BOP filed for summary judgment.

In his opposition, Ray noted that NTL, not Phamatech, had processed his urine specimen. *Id.* ¶ 12. The BOP then located the contract relating to NTL, and released that document with redactions. *Id.* ¶ 13. It appears that Ray does not challenge any of the redactions of the released documents. Instead, emphasizing that his request was broader than the BOP's characterization of it suggests, Ray challenges both the scope of the BOP's search and the BOP's determination that certain documents were not responsive to his FOIA request. Ray also continues to press his claim that the BOP consistently refuses to process claims for prisoners unless the prisoner has filed suit.

## DISCUSSION

A court considering a pro se complaint is obliged to construe it liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Summary judgment is appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."

---

[2] Phamatech is consistently referred to in the BOP's motion as "Pharmatech."

Fed. R. Civ. P. 56(c).  A material fact is one that is capable of affecting the outcome of the litigation.  *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).  A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.,* as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." *Id.* at 252.  A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant.  *Id.* at 255.

      An agency has a duty to construe liberally a FOIA request for information.  *Nation Magazine v. United States Customs Serv.,* 71 F.3d 885, 890 (D.C. Cir. 1995).  An agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that it conducted a search of records in its custody or control, *Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 150-51 (1980), that was reasonably calculated to uncover all relevant information, *Weisberg v. Dep't of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984), which either has been released to the requestor or is exempt from disclosure.  *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001).  To show that its search "us[ed] methods which can be reasonably expected to produce the information requested," *Oglesby v. Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990); *see also Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998), the agency may submit affidavits or declarations that explain in reasonable detail and in a nonconclusory fashion the scope and method of the search.  *Perry v. Block,* 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations reflecting a search reasonably calculated to uncover all relevant information are sufficient to demonstrate an agency's compliance with the FOIA.  *Perry,* 684 F.2d at 127.  A search need not be exhaustive, *Miller v United States Dep't of State,* 779 F.2d

1378, 1383 (8th Cir. 1985), and the adequacy of a search is not determined by its results, but by the method of the search itself.  *Weisberg,* 745 F.2d at 1485.  An agency's failure to find a particular document does not necessarily indicate that its search was inadequate.  *Wilbur v. CIA,* 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine v. United States Customs Serv.,* 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).

       The dispute related to the FOIA claims centers on whether the BOP's agency declaration has described a search and determinations appropriately responsive to Ray's request for "documents which set forth procedure, protocol, standards, or guidelines established to ensure the reliability and accuracy of urine analysis" and for "copies of any publications and/or the source and substance of any unpublished information 'reviewed' by R. Byrd which led him to conclude that the 'metabolism and chemical structure of a dental anesthetic given to [me near time of submission of urine sample showed] no comparison . . . [to] cocaine metabolites that would cause a false positive urine test result.'"  Ray's FOIA Request (alterations in the original). Ray argues that the BOP interpreted his request too narrowly and therefore may well have not searched adequately for the records he requested.  Specifically, he refers to the descriptions in the Moorer Declaration of the 252 pages of the Phamatech contract that were withheld because they were deemed to be "not essential to the basic request of the Plaintiff which was a copy of the Phamatech, Inc., contract," Moorer Decl. ¶ 6, and contends that the descriptions of these 252 pages are conclusory.  *See* Pl.'s Mem. of P. & A. in Opp'n to Def.'s Mot. for Summ. J., Reply Brief and Supp. Papers ("Ray's Sur-reply") at 10.  He also argues that the agency's declaration does not adequately describe in nonconclusory terms the system of records in the Procurement Office and the methods used to search that system.  *See* Ray's Sur-reply at 9.

With respect to records not released that the defendant deemed to be non-responsive to Ray's FOIA request, the Moorer Declaration states that:

> A review of the [Phamatech] contract revealed 73 pages of information were responsive to Plaintiff's FOIA Request. The 252 pages of the contract that were not responsive to Plaintiff's FOIA Request consisted of independent consumer studies and questionnaires filled out by private individuals concerning Phamatechs's Test Kits. The non-responsive pages were information obtained by Phamatech, Inc. that was not essential to the basic request of the Plaintiff which was a copy of the Phamatech, Inc. contract.

Moorer Decl. ¶ 6. On this record, it is impossible to definitively conclude that the documents that the defendant determined to be non-responsive were, in fact, non-responsive. Ray's FOIA request was not simply a "basic request" for "a copy of the Phamatech, Inc. contract." *Id.* Rather, Ray clearly asked for "copies of any . . . documents which set forth procedure, protocol, standards or guidelines established to ensure the reliability and accuracy of urine analysis." Ray's FOIA Request at 1. Without some definitive statement from the defendant that information setting forth procedure, protocol, standards or guidelines to ensure the reliability and accuracy of urine analysis is not among the "independent consumer studies and questionnaires filled out by private individuals concerning Phamatech's Test Kits," Moorer Decl. ¶ 6, the defendant has not demonstrated that the information it withheld is non-responsive.

The record also does not provide a sufficient basis on which to conclude that the defendant's search either met or failed to meet the search standard imposed by law. The law requires an agency to show that its search "us[ed] methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army,* 920 F.2d at 68. To do so, the agency's declaration must explain in reasonable detail and in a nonconclusory fashion the scope and method of the search. *Perry v. Block,* 684 F.2d 121, 126 (D.C. Cir. 1982). The Moorer

Declaration, however, merely states that the "Procurement Office searched all files and areas likely to contain responsive records/documents/materials were searched with respect to the Plaintiff's FOIA Request." Moorer Decl. ¶ 6. Such a statement is wholly conclusory and is insufficient to establish that the defendant is entitled to summary judgment. At the same time, it is entirely possible that the agency's search was, in fact, reasonable under the law and that the information Ray is seeking does not exist or is not maintained in the BOP's files. At the very least, however, the agency must provide a more transparent and explanatory description of its search before summary judgment may be granted.

Ray also argues that the agency has ignored his claim that it systematically delays processing FOIA requests from prisoners in violation of the FOIA. Ray's Sur-reply at 12. Because a pro se complaint is entitled to a liberal construction, this claim will be construed as one for agency non-action brought under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.[3] Indeed, the agency has not addressed that claim and will be required to do so in any future motion for summary judgment.

CONCLUSION

Because the agency's declaration does not provide sufficient information in descriptive and non-conclusory terms to support a conclusion that the BOP is entitled to summary judgment, and because the BOP's motion for summary judgment fails to address the claim that it systematically delays processing prisoners' FOIA requests, the BOP's motion will be denied. Accordingly, it is hereby

---

[3] The plaintiff has attempted to file declarations on this subject from other prisoners who are not parties to this case. Leave to file these declarations has been denied.

ORDERED that BOP's motion for summary judgment [Dkt. #14] is DENIED WITHOUT PREJUDICE, and it is further

ORDERED that on or before December 22, 2009, the BOP shall file a proposed schedule upon which this case shall proceed.

SIGNED this 8th day of December, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge